## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Nissan North America, Inc. ("Defendant" or "Nissan") as follows:

### NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,917,405 entitled "Control Apparatus and Methods for Vehicles" (hereinafter, the "'405 Patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,542,076 entitled "Control, Monitoring and/or Security Apparatus and Method" (the "'076 Patent"; a copy of which is attached hereto as Exhibit B), and United States Patent No. 6,549,130 entitled "Control Apparatus and Method for Vehicles and/or for Premises" (the "'130 Patent"; a copy of which is attached hereto as Exhibit C) (hereinafter the "Patents-in-Suit").  Plaintiff is the owner of the '405 Patent, the '076 Patent, and the '130 Patent.  Plaintiff seeks monetary damages.

## PARTIES

2.      JCMS is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, Westchester County, New York, 10703.  Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.      Upon information and belief, Nissan is a corporation duly organized and existing under the laws of the State of Delaware having its principal place of business located at One Nissan Way, Franklin, Tennessee, 37067.  Defendant may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

4.      Upon information and belief, Nissan ships, distributes, offers for sale, sells, and/or advertises its Products and Services, namely vehicles equipped with systems that may be electronically controlled from a remote location, under the brand name "Nissan."

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has

purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware.  Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

8.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.      The '405 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 1999 after full and fair examination.  Plaintiff is the owner of the '405 Patent, and possesses all right, title and interest in the '405 Patent including the right to enforce the '405 Patent, and the right to sue Defendant for infringement and recover past damages.

10.     The '076 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003 after full and fair examination.  Plaintiff is the owner of the '076 Patent, and possesses all right, title and interest in the '076 Patent including the right to enforce the '076 Patent, and the right to sue Defendant for infringement and recover past damages.

11.     The '130 Patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003 after full and fair examination.  Plaintiff is the owner of the '130 Patent, and possesses all right, title and interest in the '130 Patent including the right to enforce the '130 Patent, and the right to sue Defendant for infringement and recover past damages.

12.     On information and belief, Defendant has had knowledge of the Patents-in-Suit as early as January 4, 2013, the date Plaintiff sent a letter to Mr. Carlos Ghosn, Chairman and Chief Executive Officer of Nissan, informing Defendant of the Patents-in-Suit.  Attached hereto as Exhibit D.

13.     On information and belief, Defendant operates, advertises, and/or controls the websites, www.nissanusa.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,917,405

14.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-13 above.

15.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '405

Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, that enables remote control of a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in its vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are available for sale on its website www.nissanusa.com and through various retailers located in this district.

16.    Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '405 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '405 Patent by advertising, providing, selling, and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, that enables Defendant's customers to remotely control a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '405 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the

vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are available for sale on its website www.nissanusa.com and through various retailers located in this district.

17.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '405 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '405 Patent since as early as January 4, 2013, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '405 Patent.  Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '405 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '405 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

18.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19.     Despite its knowledge of the '405 Patent, known of at least since January 4, 2013 and without a reasonable basis for continuing the infringing activities previously described in this Count, on information and belief, Defendant has willfully infringed the '405 Patent.

20.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.


## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,542,076

21.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-13 above.

22.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '076 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are

available for sale on its website www.nissanusa.com and through various retailers located in this district.

23.     Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '076 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables Defendant's customers to remotely control a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM™ radio through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '076 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM™) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are available for sale on its website www.nissanusa.com and through various retailers located in this district.

24.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '076 Patent

since as early as January 4, 2013, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '076 Patent.  Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '076 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

25.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26.     Despite its knowledge of the '076 Patent, known of at least since January 4, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Defendant has willfully infringed the '076 Patent.

27.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.


## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,549,130

28.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-13 above.

29.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information

and belief, Defendant has infringed and continues to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system. Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables remote control of a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '130 Patent via signals between a communication device (in the case of Bluetooth®) or Server (in the case of SiriusXM$^{TM}$) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are available for sale on its website www.nissanusa.com and through various retailers located in this district.

30.    Plaintiff is informed and believes that Defendant and its customers collectively have infringed and continue to infringe the '130 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '130 Patent by advertising and using an apparatus capable of remotely controlling a vehicle system.  Defendant provides an onboard computer, incorporated into Defendant's vehicles, which enables Defendant's customers to remotely control a vehicle system.  Specifically, one or more of Defendant's Products and Services, including but not limited to the Bluetooth® Calling, Bluetooth® Audio Streaming, and SiriusXM$^{TM}$ radio through the onboard computer functionality offered in Defendant's vehicles, infringe one or more of the claims of the '130 Patent via signals between a communication

device (in the case of Bluetooth®) or Server (in the case of SiriusXM™) located remote from the vehicle and satellite or cellular station, a satellite or cellular station located remote from the vehicle and communication device or Server, and the onboard computer located at the vehicle which activates the vehicle's audio system.  Defendant's infringing Products and Services are available for sale on its website www.nissanusa.com and through various retailers located in this district.

31.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use Defendant's vehicles as previously described in this Count.  Despite its knowledge of the existence of the '130 Patent since as early as January 4, 2013, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Products and Services in a manner which infringes the '130 Patent.   Upon information and belief, Defendant has specifically intended that its customers use its Products and Services in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Products and Services and instructing its customers on how to use said Products and Services in such a way that infringes the '130 Patent and knew that its actions, including but not limited to providing said Products and Services and instruction, would induce, have induced, and will continue to induce infringement by its customers.

32.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

33.     Despite its knowledge of the '130 Patent, known of at least since January 4, 2013 and without a reasonable basis for continuing the infringing activities as previously described in this Count, on information and belief, Defendant has willfully infringed the '130 Patent.

34.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

35.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers and that such infringement is willful;

B.     An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit by Defendant's customers;

C.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for

Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.  That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

E.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.  Any further relief that this Court deems just and proper.

\

\

Dated: April 23, 2014

**STAMOULIS & WEINBLATT LLC**


 *s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
Steven W. Ritcheson, *Pro Hac Vice* anticipated
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

**HENINGER GARRISON DAVIS, LLC**
Maureen V. Abbey, *Pro Hac Vice* anticipated
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com


**Attorneys for Plaintiff Joao Control &
Monitoring Systems, LLC**